IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWIN RAUL TORIBIO-REYNOSO | : | CIVIL ACTION |
| | : | |
| v. | : | No. 26-5277 |
| | : | |
| WARDEN, PHILADELPHIA FEDERAL | : | |
| DETENTION CENTER, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                              **July 30, 2026**

Petitioner Edwin Raul Toribio-Reynoso brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the Department of Homeland Security (DHS). He argues his mandatory detention without a bond hearing under 8 U.S.C. § 1225(b)(2) is unlawful. Because § 1225(b)(2) does not apply to noncitizens like Toribio-Reynoso who have resided within the United States for years, the Court will grant his petition.

**BACKGROUND**

Edwin Raul Toribio-Reynoso is a native and citizen of the Dominican Republic who entered the United States without inspection on November 15, 2023 and has resided here since. Pet. ¶¶ 30, 36, 41, Dkt. No. 1. He was apprehended by the DHS, placed into removal proceedings, and released while his removal case is pending. *Id.* ¶¶ 2, 37-38. He later filed for asylum. *Id.* ¶ 39. On July 27, 2026, he was arrested and detained by Immigration and Customs Enforcement (ICE) when he appeared for his check-in appointment. *Id.* ¶ 44. He filed this petition the next day, arguing his detention without a bond hearing is unlawful. *Id.* ¶¶ 45-46. The Government contends Toribio Reynoso is detained under 8 U.S.C. § 1225(b)(2)(A) because, as an "applicant for admission," he remains "seeking admission" until he is formally admitted or his removal proceedings conclude. Gov't Resp. 1-2, Dkt. No. 4.

**DISCUSSION**

This case turns on a statutory question this Court and many others in this District have already resolved against the Government: whether a noncitizen who entered without inspection years ago and is later arrested in the interior remains an alien "seeking admission" within the meaning of § 1225(b)(2)(A).  The Government acknowledges courts in this District have rejected its interpretation, though it continues to press that position here.  Gov't Resp. 2.

In *Ndiaye v. Jamison*, this Court held that "§ 1226 applies to noncitizens . . . who have been residing in the country, while § 1225 is reserved for newly arriving noncitizens."  No. CV 25-6007, 2025 WL 3229307, at *8 (E.D. Pa. Nov. 19, 2025).  Judges in this District have consistently reached the same conclusion.  *See, e.g.*, *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-5488, 2025 WL 3218243 (E.D. Pa. Nov. 18, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Rios Porras v. O'Neill*, No. CV 25-6801, 2025 WL 3708900 (E.D. Pa. Dec. 22, 2025); *Rodrigues v. Jamison*, No. 26-1407, 2026 WL 676468 (E.D. Pa. Mar. 10, 2026).

Appellate courts have now split on the issue.  Rejecting the overwhelming weight of authority from district courts around the country, divided panels of the Fifth and Eighth Circuits have agreed with the Government's position, holding that an "applicant for admission" is "seeking admission" so long as he is "'present in the United States [and] has not been admitted,' . . . regardless of whether he takes 'any further affirmative steps to gain admittance.'"  *Avila v. Bondi*, 170 F.4th 1128, 1134 (8th Cir. 2026) (alteration in original) (citations omitted); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026).  The Second, Sixth, Ninth, Tenth, and Eleventh Circuits, in contrast, have "join[ed] the overwhelming majority of federal judges across the Nation" in holding that § 1225(b)(2)(A) "does not apply to . . . noncitizens[] who are present

2

in the United States after entering the country without inspection and admission, and who were not apprehended while entering the country or shortly thereafter." *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 731-34 (6th Cir. 2026) (holding § 1225(b)(2)(A) does not apply to long-resident noncitizens arrested in the interior and affirming due process relief requiring individualized bond hearings under § 1226(a)); *Rodriguez Vazquez v. Bostock*, No. 25-6842, slip op. at 10 (9th Cir. July 30, 2026) ("[W]e conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026) (concluding "§ 1225(b)(2)(A) is limited to the border, and that [petitioner] is an 'applicant for admission' but not 'seeking admission'"); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1275-76 (11th Cir. 2026) (holding § 1225(b)(2)(A) "applies only to . . . those seeking lawful entry into the United States," not "present aliens not seeking admission.").[1]

None of this appellate authority binds this Court, but the decisions in *Barbosa da Cunha*, *Lopez-Campos*, *Rodriguez Vazquez*, *Santillan Quiroz*, and *Hernandez Alvarez* align with this Court's analysis in *Ndiaye* and with "the decisions of over 370 district judges across the Nation who (as of mid-February 2026) have also rejected the government's position."[2] *Barbosa da Cunha*, 175 F.4th at 71. This Court will adhere to its prior decisions holding that "§ 1226 applies

---

[1]    The Third Circuit heard oral argument on claims related to this issue on May 11, 2026. *See* Gov't Resp. 2.

[2]    This number has grown significantly since *Barbosa da Cunha* was decided. *See* Kyle Cheney, *Our Running List of Judges Who Have Ruled on ICE's Mass Detention Policy*, Politico (June 11, 2026, at 14:04 ET), https://www.politico.com/news/2026/02/18/trump-judges-immigration-detention-00784614 [https://perma.cc/7JZQ-AXH4] (displaying a database of over 460 judges who have ruled against the new mandatory detention policy).

to noncitizens like [Toribio Reynoso] who have been residing in this country, while § 1225 is reserved for newly arriving noncitizens." *Ndiaye*, 2025 WL 3229307, at *8. Toribio Reynoso's present detention did not occur at or near the border or during an ongoing inspection process. He entered the United States in 2023, lived here for almost three years, and was detained by ICE in the interior in July 2026. On these facts, his detention is governed by § 1226(a), not § 1225(b)(2)(A). Because the Government offers no basis for Toribio Reynoso's present detention other than § 1225(b)(2)(A), his current detention is unlawful.

**CONCLUSION**

Accordingly, the Court will grant Petitioner's Petition for a Writ of Habeas Corpus and order his immediate release. An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.